UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH and W. LARRY CASH,<br><br>Defendants. | Consolidated<br>Civil Action No.: 11-cv-0433<br><br>Class Action<br><br>Judge John T. Nixon<br>Magistrate Judge Joe B. Brown<br><br>JURY TRIAL DEMANDED |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

## FIRST AMENDED CASE MANAGEMENT ORDER

On May 8, 2015, the parties submitted a Joint Status Report pursuant to the Court's April 21, 2015 and April 22, 2015 Orders (Docs. 123, 124) setting a May 11, 2015 telephonic case management conference and requesting a briefing schedule on Plaintiffs' Motion to Lift the PSLRA Discovery Stay. (Doc. 112.)

On May 11, 2015, the Court held a telephonic Case Management Conference wherein the parties confirmed their agreement presented in the Joint Status Report.

Having considered the Joint Status Report and the discussion at the Case Management Conference,

IT IS HEREBY ORDERED THAT

1. The stay of discovery imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA Stay") shall remain in place except as otherwise specifically set

forth in this Status Report, and without prejudice to Lead Plaintiff's ability to revisit lifting the PSLRA Stay by way of its pending motion at a later time;

2. Discovery is commencing in the consolidated derivative action captioned *In re Community Health Systems, Inc. Shareholder Derivative Litigation*, Case No. 11-cv-00489 (M.D. Tenn.) (the "Derivative Action"), which is pending before the Court. Defendants agree to produce to Lead Plaintiff in this case non-privileged documents that they produce to the plaintiffs in the Derivative Action during the 90-day period beginning on May 8, 2015 and running through August 7, 2015. Such documents shall be produced to Lead Plaintiff in the same format and manner as they are produced to plaintiffs in the Derivative Action.

3. Discovery that was produced to the Department of Justice has been produced by Defendants to Lead Plaintiff and certain questions have arisen as to that discovery. The parties have agreed to meet and confer on those questions. Nothing agreed to herein by the parties forecloses them from seeking the Court's direction sooner than 90 days if the parties do not resolve those questions.

4. If the Court denies Defendants' pending Motion to Dismiss (*see* Doc. 73) on or before August 7, 2015, the parties will request a conference with the Magistrate Judge to set a schedule for the case, including applicable discovery deadlines.

5. If the Court does not rule on Defendants' Motion to Dismiss on or before August 7, 2015, the parties will request a conference with the Magistrate Judge to set a briefing schedule on Lead Plaintiff's Motion to Lift the PSLRA Discovery Stay or to otherwise set applicable discovery deadlines to the extent the parties agree to proceed with any discovery at that time.

6. If the Court grants Defendants' pending Motion to Dismiss, Defendants shall have no obligation to produce any documents or other material to Lead Plaintiff including during the pendency of any appeal; except, however, that in the event the dismissal is without prejudice, Lead Plaintiff reserves the right to petition the Court to lift the automatic stay that otherwise would be in place.

7. Subject to the foregoing, Defendants agree to:

   A. produce to Lead Plaintiff any pleadings, motions, written discovery requests and/or written discovery responses served or filed by any party in the Derivative Action (to the extent these documents are not publicly available on PACER in unredacted form) within 14 days of service or filing. If any pleadings, motions, written discovery requests and/or written discovery filings contain or refer to privileged information, Defendants will redact the privileged information before providing copies to Lead Plaintiff. In the event there is a dispute about the redactions, the parties may seek directions from the Court;

   B. permit Lead Plaintiff's counsel to attend any deposition held in the Derivative Action, provided that: (1) Lead Plaintiff refrains from interposing any questions or objections during the depositions and (2) Lead Plaintiff is not prejudiced from noticing for deposition in this action the same witnesses deposed in the Derivative Action; and (3) in the event Defendants should reveal to the plaintiffs in the Derivative Action any information over which Defendants assert a claim of privilege as against third parties, Defendants retain the right to object to Lead Plaintiff's participation in any portion of a

3

deposition that might reveal such privileged information, and to giving Lead Plaintiff any portion of a deposition transcript or exhibit that contains or refers to such privileged information. Defendants will provide Lead Plaintiff sufficient information to identify the nature and basis for asserting such privilege. Lead Plaintiff reserves the right to challenge Defendants' assertion of privilege with the Court. Subject to the foregoing, Defendants agree to provide Lead Plaintiff with access to any deposition transcripts and exhibits in the Derivative Action.

Dated: May 13, 2015

    IT IS SO ORDERED.

/s/ Joe B. Brown
_____
UNITED STATES MAGISTRATE JUDGE
JOE B. BROWN