UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,<br><br>                 *Plaintiff,*<br><br>    v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH and W. LARRY CASH,<br><br>                 *Defendants.* | Consolidated<br>Civil Action No.: 11-Cv-0433<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Joe B. Brown<br><br>JURY TRIAL DEMANDED |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

## LEAD PLAINTIFF'S MOTION FOR A CASE MANAGEMENT CONFERENCE

Lead Plaintiff[1] respectfully moves this Court to set a Case Management Conference.

1.    Defendants have also requested a Case Management Conference in their Motion for Reconsideration (Dkt. No. 137) of Judge Nixon's May 12, 2015 order lifting the automatic stay of discovery imposed by the Private Securities Litigation Reform Act of 1995 (the "Lift Order") (Dkt. No. 135).[2] Lead Plaintiff agrees on the need for a Case Management Conference to address the pace of discovery, as well as other issues set forth herein.[3]

---

[1] Lead Plaintiff is the New York City Pension Funds, including the New York City Employee Retirement System, the Teachers' Retirement System of the City of New York, the New York City Teachers' Variable Annuity Program, the New York City Police Pension Fund, and the New York City Fire Department Pension Fund

[2] The Lift Order was docketed on May 13, 2015.

[3] Defendants' motion for reconsideration mischaracterizes the events leading up to Judge Nixon's Lift Order. Lead Plaintiff moved for a *full lifting* of the PSLRA stay of discovery (Dkt. No. 112) which Judge Nixon granted, and not a partial lift as Defendants suggest. *See* Dkt. No. 138 (Memorandum in Support of Defendants' Motion for Reconsideration ("Defs. Br.") at 2.) Judge Nixon's

2.      Lead Plaintiff intends to file a motion to amend the Complaint. The Amended Complaint will (a) include certain key factual developments relevant to Lead Plaintiff's claims that have occurred since the filing of the Complaint (including CHS' $98 million settlement with the U.S. Department of Justice ("DOJ")); (b) bolster the factual basis of the claims based upon Lead Plaintiff's review of documents that CHS produced to the DOJ;[4] and (c) in lieu of awaiting the class certification motion, enlarge the closing date of the class period from April 11, 2011 to October 26, 2011.

3.      On May 18, 2015, the parties met and conferred on the proposed Amended Complaint and Lead Plaintiff proposed a schedule for filing and setting a briefing schedule. *See* Current Draft Case Management Order ("CMO"), attached hereto as Exhibit "A." Lead Plaintiff proposed filing the Amended Complaint within 45 days of entry of the CMO, with Defendants' anticipated motion to dismiss due 45 days later. Ex. A at 7. Defendants agreed to consider the new briefing schedule,[5] but maintained that the balance of the CMO (*i.e.*, class certification briefing and the discovery plan) was "premature."

4.      Defendants have "jumped the gun" on supplemental briefing of the Motion to Dismiss under the auspices of their Motion for Reconsideration. Defs. Br. at 10-14.[6] Moreover,

---

Lift Order was consistent with his having adopted Magistrate Judge Brown's views that "the stay should be lifted and this case should proceed on a roughly parallel scheduling order with the [Derivative Action]." *See* Dkt. No. 116. Lead Plaintiff agreed to accept initially the discovery CHS produced to the U.S. Department of Justice, solely in order to participate on a more informed basis in the April 16, 2015 mediation.

[4]  The Parties have met and conferred regarding Defendants' broad use of confidentiality designations. Lead Plaintiff is awaiting Defendants' response to its initial request that 70 documents be de-designated. Lead Plaintiff expects to refer to many of these documents (and others presently marked "confidential") in its Amended Complaint.

[5]  Defendants agreed to consider Lead Plaintiff's motion to amend and motion to dismiss briefing schedule and provide a response on May 21, 2014.

[6]  This is particularly prejudicial to Lead Plaintiff given that Local Rule 7.01(b) prevents Lead Plaintiff, as the "prevailing party" from filing a response to the Motion for Reconsideration, "unless the Court orders a response." *See* L.R. 7.01(b).

that dismissal argument urges a distorted understanding of a non-binding Eleventh Circuit decision in *Sapssov v. Health Mgmt. Assocs* ("*HMA*"), 2015 U.S. App. LEXIS 7731 (11th Cir. May 11, 2015), attached as Exhibit "B." *HMA* actually supports the viability of Lead Plaintiff's Complaint because the majority opinion affirmed the lower court's holding that the complaint adequately alleged the elements of misrepresentation and scienter against the HMA defendants. *Id.* at *14-15. Defendants acknowledge that this action involves "precisely the same claim against . . . HMA as i[s] brought here." Defs. Br. at 11.[7]

5.  The only element the *HMA* court found insufficiently pled was loss causation (*Id.* at *20-21), but here the disclosure of new information, in the form of the Tenet Corporation's factual allegations,[8] exposed undisclosed admission practices that revealed the misleading nature of CHS' prior disclosures to investors and resulted in an immediate 36% stock decline causing substantial investor losses. Unlike this case, the court in *HMA* found that the analyst report in question contained no new information in reporting on a whistleblower lawsuit, because that action was filed months earlier in Florida state court and was "disregarded" by the market. *Id.* at *21. As such, in *HMA* the court found that "mere repackaging of already-public information by an analyst ... [was] simply insufficient to constitute a corrective disclosure." *Id.* at 21-22.

6.  Defendants' argument that the original and sophisticated analysis conducted by Tenet's healthcare expert using raw Medicare data should be equated with the analyst report in *HMA,* and therefore the information Tenet "disclosed is not new" (Defs. Br. at 11), has been

---

[7] Judge Nixon made a similar finding in denying the motion to dismiss, in part, in the Derivative Action, which arises from the same wrongdoing alleged in this class action. *See* Derivative Action Dkt. No. 87. The Court credited plaintiffs allegations that "obtaining significant increases in admissions rates... at [CHS' newly acquired] hospitals *could not have been done without using improper means.*" *Id.* at 18 (emphasis added). Judge Nixon also reaffirmed this finding in denying Defendants' motion for reconsideration. Derivative Action Dkt. No. 140.

[8] Complaint in *Tenet Healthcare Corp. v. Community Health Systems, Inc.,* 11-cv-0732-M (N.D.Tex.), filed on April 11, 2011 ("Tenet Comp.).

squarely rejected by the Fifth Circuit. *See Pub. Emples. Ret. Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 323 (5th Cir. 2014) ("Under a Rule 12(b)(6) analysis, it is plausible that . . . *the efficient market was not aware of the hidden meaning of the Medicare data that required expert analysis, especially where the data itself is only available to a narrow segment of the public and not the public at large.*) (emphasis added). Indeed, *HMA* cites *Amedisys* approvingly precisely on this point. *See HMA*, at 21 (quoting *Amedisys* for the proposition that "complex economic data understandable only through expert analysis may not be readily digestible by the marketplace and analysis of that data may not be merely confirmatory"). In sum, the complex Medicare data analysis in *Tenet* revealed new information that corroborated the facts in Tenet's complaint informing the market – for the first time – that CHS' undisclosed admissions practices involved "[s]lashing the use of observation" and improper ED admissions through the use of the Blue Book, Pro-MED, and physician incentives, to increase reimbursements.[9]

7. Contrary to the facts in *HMA*, here the immediate and substantial "drop in share price so closely related in time to [Tenet's claims] would lead a reasonable juror to conclude that the market had not previously received the true facts" about CHS' admissions growth. *See Chamberlain v. Reddy Ice Holdings, Inc.*, 757 F. Supp. 2d 683, 707 n.5 (E.D. Mich. 2010) (citation omitted).

8. While *HMA* is inapposite on the facts, it is also important to note that the concurring opinion (*Martin, J.*) would have sustained plaintiff's loss causation allegations under the Supreme Court's decision in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005).[10]

---

[9] *See* Tenet Comp. at ¶¶3-5, 45-57, 90.

[10] *Id.* at *33 ("Taken together, these are precisely the allegations that *Dura* requires: the complaint provides both 'notice of what the relevant economic loss might be' and 'what the causal connection might be between that loss' and the alleged misrepresentations") (quoting *Dura*, 547 U.S. at 347).

However, Judge Martin concluded that she was constrained by a prior 11th Circuit decision[11] that was "wrongly decided" and "contrary to Supreme Court precedent,"[12] thus inviting an *en banc* review of *HMA*.

For these reasons, Lead Plaintiff respectfully requests the Court to schedule a Case Management Conference.

Dated: May 20, 2015

                                          **LOWEY DANNENBERG COHEN & HART, P.C.**

By:   /s/ Barbara J. Hart
       Barbara J. Hart (admitted *pro hac vice*)
       David C. Harrison (admitted *pro hac vice*)
       Scott V. Papp (admitted *pro hac vice*)
       One North Broadway, 5th Floor
       White Plains, New York 10601
       Tel.:   914-997-0500
       Fax:   914-997-0035

       **PROVOST UMPHREY, LLP**
       W. Michael Hamilton
       TN Bar No. 10720
       4205 Hillsboro Pike, Suite 303
       Nashville, Tennessee 37215
       Tel.:   615-297-1932
       Fax:   615-297-1986

       *Attorneys for Lead Plaintiff*

---

[11] *Meyer v. Greene*, 710 F.3d 1189 (11th Cir. 2013).

[12] To the extent that *Meyer* accepted the notion that "plaintiffs must be armed with *proof* of a misrepresentation in order to *plead*" loss causation. *Id.* at 32-33 (emphasis in original).

# CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2015, a copy of Lead Plaintiff's Motion for a Case Management Conference, together with Exhibit "A" attached thereto, was filed with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy of same upon all counsel of record, as identified in the following chart:

| | |
|---|---|
| Alison Barnes<br>Gary Orseck<br>**Robbins Russell Englert Orseck Untereiner & Sauber LLP**<br>1801 K Street NW, Suite 411<br>Washington, DC 20006<br>Email: abarnes@robbinsrussell.com<br>Email: gorseck@robbinsrussell.com<br><br>*Counsel for Defendants Community Health Systems, Inc., Wayne T. Smith, W. Larry Cash, and Thomas Buford* | John R. Jacobson<br>James N. Bowen<br>Milton S. McGee, III<br>**Riley, Warnock & Jacobson PLC**<br>1906 West End Avenue<br>Nashville, TN 37203<br>Email: jjacobson@rwjplc.com<br>Email: jimbowen@rwjplc.com<br>Email: tmcgee@rwjplc.com<br><br>*Counsel for Defendants Community Health Systems, Inc., Wayne T. Smith, W. Larry Cash, and Thomas Buford* |
| Joel A. Blanchet<br>James M. Cooper<br>Lisa V. LeCointe-Cephas<br>**Kirkland & Ellis LLP**<br>Citigroup Center<br>601 Lexington Avenue<br>New York, NY 10022-4611<br>Email: joel.blanchet@kirkland.com<br>Email: Max.cooper@kirkland.com<br>Email: Lisa.LeCointe-Cephas@kirkland.com<br><br>*Counsel for Defendants Community Health Systems, Inc., Wayne T. Smith, W. Larry Cash, and Thomas Buford* | Peter D. Doyle<br>Seth D. Fier<br>**Proskauer Rose LLP**<br>Eleven Times Square<br>New York, New York 10036-8299<br>Email: pdoyle@proskauer.com<br>Email: sfier@proskauer.com<br><br>*Counsel for Defendants Community Health Systems, Inc., Wayne T. Smith, W. Larry Cash, and Thomas Buford* |

| | |
|---|---|
| Christopher J. Keller<br>Michael W. Stocker<br>Rachel A. Avan<br>**Labaton Sucharow LLP**<br>140 Broadway<br>New York, NY 10005<br>Email: ckeller@labaton.com<br>Email: mstocker@labaton.com<br>Email: ravan@labaton.com<br><br>*Counsel for Norfolk County Retirement System, Alberta Investment Management Corp. and State-Boston Retirement System* | James Gerard Stranch, IV<br>**Branstetter, Stranch & Jennings**<br>227 Second Avenue, N – 4th Floor<br>Nashville, TN 37201<br>Email: gstranch@branstetterlaw.com<br><br>*Counsel for Norfolk County Retirement System, Alberta Investment Management Corp. and State-Boston Retirement System* |
| Jeffrey A. Berens<br>**Dyer & Berens LLP**<br>303 E. 17th Ave. – Suite 300<br>Denver, CO 80203<br>Email: Jeff@dyerberens.com<br><br>*Counsel for De Zheng* | James L. Davidson<br>**Greenwald Davidson PLLC**<br>5550 Glades Road, Suite 500<br>Boca Raton, FL 33431<br>Email: jdavidson@mgjdlaw.com<br><br>*Counsel for De Zheng* |
| Robert J. Robbins<br>David R. George<br>**Robbins Geller Rudman & Dowd LLP**<br>120 E. Palmetto Park Road – Suite 500<br>Boca Raton, FL 33432<br>Email: rrobbins@rgrdlaw.com<br>Email: dgeorge@rgrdlaw.com<br><br>*Counsel for De Zheng* | Michael K. Radford<br>**Flynn & Radford**<br>320 Seven Springs Way, Suite 150<br>Brentwood, TN 37027<br>Email: mradford@allen-kopet.com<br><br>*Counsel for Minneapolis Firefighters' Relief Association* |
| Frederic S. Fox<br>Joel B. Strauss<br>Pamela A. Mayer<br>**Kaplan Fox & Kilsheimer LLP**<br>850 Third Ave. – 14th Floor<br>New York, NY 10022<br>Email: ffox@kaplanfox.com<br>Email: strauss@kaplanfox.com<br>Email: pmayer@kaplanfox.com<br><br>*Counsel for Minneapolis Firefighters' Relief Association* | Richard A. Lockridge<br>Karen H. Riebel<br>**Lockridge Grindal & Nauen, PLLP**<br>100 Washington Ave. S. – Suite 2200<br>Minneapolis, MN 55401<br>Email: lockrra@locklaw.com<br>Email: khriebel@locklaw.com<br><br>*Counsel for Minneapolis Firefighters' Relief Association* |

| | |
|---|---|
| David S. Hagy<br>**David S. Hagy, Attorney at Law**<br>1507 16th Avenue South<br>Nashville, TN 37212<br>Email: dhagy@hagylaw.com<br><br>*Counsel for General Retirement System of the City of Detroit* | |

Dated: May 20, 2015

/s/ Scott V. Papp
Scott V. Papp, Esq.
**LOWEY DANNENBERG COHEN
 & HART, P.C.**
One North Broadway, Suite 509
White Plains, NY 10601
Ph:     914-997-0500
Fax:    914-997-0035
E-mail: spapp@lowey.com

*Attorney for Lead Plaintiff*