# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH and W. LARRY CASH,<br><br>*Defendants*.<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | CONSOLIDATED<br>CIVIL ACTION NO.: 11-cv-0433<br><br>CLASS ACTION<br><br>JUDGE ALETA A. TRAUGER<br>MAG. JUDGE JOE B. BROWN<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Lead Plaintiff, the New York City Employee Retirement System, the Teachers' Retirement System of the City of New York, the New York City Teachers' Variable Annuity Program, the New York City Police Pension Fund, and the New York City Fire Department Pension Fund (collectively, the "NYC Funds" or "Lead Plaintiff"), respectfully submits the decisions in *Employees' Ret. Sys. of Gov't of the V.I. v. Blanford*, No. 14-199-cv, 2015 U.S. App. LEXIS 12901 (2d Cir. July 24, 2015) (attached as Exhibit A) and *Loreley Financing (Jersey) No. 3 Limited v. Wells Fargo Sec., LLC*, No. 13-1476-cv, 2015 U.S. App. LEXIS 12800 (2d Cir. July 24, 2015) (attached as Exhibit B), which are relevant on pleading scienter and loss causation.

In *Employees' Ret. Sys. of Gov't of the V.I. v. Blanford*, plaintiffs alleged that defendants made a series of false and misleading statements concealing a massive buildup of unsold

inventory. In vacating the lower court's dismissal on scienter grounds, the Court of Appeals applied a holistic approach, considering statements made by senior management during analyst calls, confidential witness testimony, and allegations of suspicious trading by insiders. 2015 U.S App. 12901, at *23. The Court held that "'*all* of the facts alleged taken collectively, give rise to a strong inference of scienter.'" *Id*. at *28. (quoting *Tellabs, Inc. v. Maker Issued & Rights, Ltd.*, U.S. 308, 323 (2007)) (emphasis in original). In this case, Plaintiff pled these and many additional scienter facts that collectively support a strong inference of scienter that outweighs any competing inferences. *See* Lead Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, Dkt. No. 83, at 27-35.

The Court also noted that the stock declines were precipitated by the publication of a third party investor report, *id.* at *13, not unlike this case where Tenet's lawsuit was the source of a partial corrective disclosure exposing Community Health System's admission practices, thereby causing an immediate and substantial decline in the company's stock.

In *Loreley Financing (Jersey) No. 3 Limited v. Wells Fargo Sec., LLC*, the Court of Appeals reiterated that in the pleading context "Plaintiff's burden is not a heavy one," 2015 U.S. App. LEXIS 12800, at *68 (citing *Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 347 (2005)), upholding plaintiff's loss causation allegations notwithstanding its failure to address defendants' alternative explanation for the losses.[1] The Court reasoned that "[t]he requirement, if any, to plead *a* causal link does not place on Plaintiffs a further pleading burden to rule out other

---

[1] Without resolving whether Rule 8 or 9(b), Fed. R. Civ. P. applies, the Court cited the observation in *Wilamowsky v. Take-Two Interactive Software, Inc.,* 818 F. Supp. 2d 747, 753 & n. 7 (S.D.N.Y. 2011), that "the vast majority of courts in this district have required that loss causation only meet the notice requirements of Rule 8."

contributing factors or alternative causal explanations." *Id.* at *74 (citing *Dura Pharm.,* 544 U.S. at 347) (emphasis in original).[2]  The Court further explained:

> "Whether Plaintiffs can prove these allegations—and whether defendants in turn can proffer evidence that the CDOs would have collapsed regardless, due to the larger crash in the MBS market—are evidentiary matters for later phases of this lawsuit.  It is sufficient under Rule 12(b)(6) that the allegations themselves give Defendants' 'some indication' of the risk concealed by the misrepresentations that plausibly materialized in Plaintiffs' ultimately worthless multimillion-dollar investment in these CDO notes. *Fin. Guar.* [*Ins. Co. v. Putnam Advisory Co*,] 783 F.3d [395,] 404 [(2d Cir. 2015)] ("The purpose of the loss causation element is to require a plaintiff 'to provide a defendant with some indication of the loss causation connection that the plaintiff has in mind,' not to make a conclusive proof of that causal link.") (quoting *Dura* [*Pharm, Inc. v. Broudo*,] 544 U.S. [336,] 347 [(2005)]).

*Id.* at *73-74.[3]

        Respectfully submitted,
        **LOWEY DANNENBERG COHEN**
          **& HART, P.C.**

        _/s/Barbara J. Hart_____
        Barbara J. Hart
        David Harrison
        Scott V. Papp
        Sung-Min Lee
        One North Broadway - Suite 509
        White Plains, NY  10601-2310
        Tel:    (914) 997-0500
        Fax:   (914) 997-0035

        **PROVOST UMPHREY LAW FIRM L.L.P.**
        Michael Hamilton
        2021 Richard Jones Rd. Suite 300
        Nashville, TN  37215
        Tel: (615) 242-0199

---

[2] The Court applied the requirements for pleading loss causation in a federal securities fraud case to a fraud action under state common law. *Id.* at *68.

[3] *Wells Fargo* also emphasized the "permissive standard" and "liberal spirit" of Rule 15, Fed. R. Civ. P., in holding that the lower court exceeded the bounds of discretion in denying Plaintiffs leave to amend their complaint.  *Id.* at *77, 81.

Fax: (615) 297-1986

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2015, a copy of PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY, was filed with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy of same upon all counsel of record, as identified in the following chart:

| | |
|---|---|
| Gary A. Orseck<br>Michael L. Waldman<br>Alison Barnes<br>**Robbins Russell Englert Orseck Untereiner & Sauber LLP**<br>1801 K Street NW, Suite 411<br>Washington, DC 20006<br>Email: mwaldman@robbinsrussell.com<br>Email: gorseck@robbinsrussell.com<br>Email: abarnes@robbinsrussell.com<br><br>*Counsel for Defendants Community Health Systems, Inc., Wayne T. Smith, W. Larry Cash, and Thomas Buford* | Steven S. Riley<br>John R. Jacobson<br>James N. Bowen<br>Milton S. McGee, III<br>Elisabeth Gonser<br>**Riley, Warnock & Jacobson PLC**<br>1906 West End Avenue<br>Nashville, TN 37203<br>Email: sriley@rwjplc.com<br>Email: jjacobson@rwjplc.com<br>Email: jimbowen@rwjplc.com<br>Email: tmcgee@rwjplc.com<br>Email: egonser@rwjplc.com<br><br>*Counsel for Defendants Community Health Systems, Inc., Wayne T. Smith, W. Larry Cash, and Thomas Buford* |
| Christopher J. Keller<br>Michael W. Stocker<br>Rachel A. Avan<br>**Labaton Sucharow LLP**<br>140 Broadway<br>New York, NY 10005<br>Email: ckeller@labaton.com<br>Email: mstocker@labaton.com<br>Email: ravan@labaton.com<br><br>*Counsel for Norfolk County Retirement System, Alberta Investment Management Corp. and State-Boston Retirement System* | Peter D. Doyle<br>Seth D. Fier<br>**Proskauer Rose LLP**<br>Eleven Times Square<br>New York, New York 10036-8299<br>Email: pdoyle@proskauer.com<br>Email: sfier@proskauer.com<br><br>*Counsel for Defendants Community Health Systems, Inc., Wayne T. Smith, W. Larry Cash, and Thomas Buford* |

| | |
|---|---|
| Jeffrey A. Berens<br>**Dyer & Berens LLP**<br>303 E. 17th Ave. – Suite 300<br>Denver, CO 80203<br>Email: Jeff@dyerberens.com<br><br>*Counsel for De Zheng* | James Gerard Stranch, IV<br>**Branstetter, Stranch & Jennings**<br>227 Second Avenue, N – 4th Floor<br>Nashville, TN 37201<br>Email: gstranch@branstetterlaw.com<br><br>*Counsel for Norfolk County Retirement System, Alberta Investment Management Corp. and State-Boston Retirement System* |
| Robert J. Robbins<br>David R. George<br>**Robbins Geller Rudman & Dowd LLP**<br>120 E. Palmetto Park Road – Suite 500<br>Boca Raton, FL 33432<br>Email: rrobbins@rgrdlaw.com<br>Email: dgeorge@rgrdlaw.com<br><br>*Counsel for De Zheng* | James L. Davidson<br>**Greenwald Davidson PLLC**<br>5550 Glades Road, Suite 500<br>Boca Raton, FL 33431<br>Email: jdavidson@mgjdlaw.com<br><br>*Counsel for De Zheng* |
| Frederic S. Fox<br>Joel B. Strauss<br>Pamela A. Mayer<br>**Kaplan Fox & Kilsheimer LLP**<br>850 Third Ave. – 14th Floor<br>New York, NY 10022<br>Email: ffox@kaplanfox.com<br>Email: strauss@kaplanfox.com<br>Email: pmayer@kaplanfox.com<br><br>*Counsel for Minneapolis Firefighters' Relief Association* | Michael K. Radford<br>**Flynn & Radford**<br>320 Seven Springs Way, Suite 150<br>Brentwood, TN 37027<br>Email: mradford@allen-kopet.com<br><br>*Counsel for Minneapolis Firefighters' Relief Association* |
| David S. Hagy<br>**David S. Hagy, Attorney at Law**<br>1507 16th Avenue South<br>Nashville, TN 37212<br>Email: dhagy@hagylaw.com<br><br>*Counsel for General Retirement System of the City of Detroit* | Richard A. Lockridge<br>Karen H. Riebel<br>**Lockridge Grindal & Nauen, PLLP**<br>100 Washington Ave. S. – Suite 2200<br>Minneapolis, MN 55401<br>Email: lockrra@locklaw.com<br>Email: khriebel@locklaw.com<br><br>*Counsel for Minneapolis Firefighters' Relief Association* |

Dated: July 28, 2015

/s/  Barbara J. Hart