# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH and W. LARRY CASH,<br><br>*Defendants*. | Consolidated<br>Civil Action No.: 11-cv-0433<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Joe B. Brown<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' RENEWED PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants Community Health Systems, Inc. ("CHSI"), Wayne T. Smith, and W. Larry Cash (together, "Defendants"), by and through their undersigned counsel, hereby move to dismiss, in part, Plaintiff's First Amended and Consolidated Class Action Complaint (the "Amended Complaint") with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants file this renewed partial motion to dismiss with respect to issues that were left undecided by this Court in its opinion dismissing the Amended Complaint, and by the Sixth Circuit's decision reversing and remanding that opinion. Specifically, this renewed motion addresses Plaintiff's securities-fraud claims based on statements that Defendants made after the Tenet Healthcare Corporation filed a lawsuit against CHSI in April 2011 (the "Post-Tenet Statements").

As set forth in Defendants' Memorandum of Law in Support of Renewed Partial Motion to Dismiss the Amended Complaint, Plaintiff fails to state a securities-fraud claim with respect to

the Post-Tenet Statements, for three independent reasons:

1.      The Post-Tenet Statements are not actionable misstatements because they are so vague and general that they are immaterial as a matter of law; they are subjective opinions that are likewise immaterial as a matter of law; and they fall squarely within the statutory safe harbor for "forward-looking" statements.

2.      Plaintiff fails to plead facts establishing a "strong inference" of scienter with respect to the Post-Tenet Statements, as required in securities-fraud cases, because the Amended Complaint is devoid of factual allegations that Defendants' stated opinions were contrary to what they actually believed at the time.

3.      Plaintiff fails adequately to plead loss causation with respect to the Post-Tenet Statements—*i.e.*, that the alleged "corrective disclosure" (an October 2011 earnings report) revealed to the market the pertinent truth that was concealed. That is because the October 2011 earnings report did not reveal new information to the market, as required for a cognizable corrective disclosure, and because the report also did not reveal the "relevant truth" about the Post-Tenet Statements.

WHEREFORE, for the reasons stated herein and in Defendants' Memorandum of Law in Support of Renewed Partial Motion to Dismiss the Amended Complaint, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's claims based on the Post-Tenet Statements.

Dated: February 9, 2018    /s/ Gary A. Orseck

Gary A. Orseck
Michael L. Waldman
Alison Barnes
Matthew M. Madden
ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411L
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
gorseck@robbinsrussell.com

Steven A. Riley
John R. Jacobson
Milton S. McGee, III
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
Facsimile (615) 320-3737
sriley@rwjplc.com

*Counsel for Defendants*
*Community Health Systems, Inc.,*
*Wayne T. Smith and W. Larry Cash*

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon the following Filing Users through the Court's Electronic Filing System:

William M. Hamilton
Provost, Umphrey Law Firm, LLP
4205 Hillsboro Pike, Suite 303
Nashville, TN 37215
mhamilton@pulf.com

Barbara J. Hart
David Harrison
Scott V. Papp
Thomas Skelton
Lowey Dannenberg Cohen & Hart, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
bhart@lowey.com
dharrison@lowey.com
spapp@lowey.com
tskelton@lowey.com

Christopher J. Keller
Michael W. Stocker
Rachel A. Avan
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
ckeller@labaton.com
mstocker@labaton.com
ravan@labaton.com

James Gerard Stranch, IV
James Gerard Stranch, III
Branstetter, Stranch & Jennings, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
gerards@bsjfirm.com
jims@bsjfirmc.om

David S. Hagy
David S. Hagy, Attorney at Law
1507 16th Avenue South
Nashville, TN 37212
dhagy@hagylaw.com

Kyle A. Young
Adams and Reese LLP
424 Church Street, Suite 2700
Nashville, TN 37219-0058
kyle.young@arlaw.com

Frederic S. Fox
Joel B. Strauss
Pamela A. Mayer
Kaplan Fox Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022
ffox@kaplanfox.com
jstrauss@kaplanfox.com
pmayer@kaplanfox.com

Richard A. Lockridge
Karen Hanson Riebel
Lockridge Grindal Nauen PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
lockrra@locklaw.com
khriebel@locklaw.com

Jeffrey A. Berens
Dyer & Berens LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203
jeff@dyerberens.com

Robert J. Robbins
David J. George
Robbins Geller Rudman & Dowd LLP
120 E Palmetto Park Road, Suite 500
Boca Raton, FL 33432
rrobbins@rgrdlaw.com
dgeorge@rgrdlaw.com


this 9th day of February, 2018.

                                        /s/ Gary A. Orseck