# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, individually and on behalf of others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) ) | No. 3:11-cv-00433<br>Judge Richardson<br>Magistrate Judge Brown<br>JURY DEMAND |
| v. ) ) | |
| COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, and W. LARRY CASH, ) ) ) ) | |
| Defendants. ) | |

## ORDER

On July 29, 2019, a telephone conference was conducted regarding a number of discovery and scheduling disputes.

**1. Ms. Lipp's Deposition**

The first dispute discussed related to Lead Plaintiff's deposition of non-party Carolyn Lipp. Pursuant to this Court's Order on March 11, 2019 (D.E. 342), Lead Plaintiff searched for a suitable "medical facility" at which to hold Ms. Lipp's deposition in light of her health status. Unable to find a nearby medical facility willing to hold a deposition, Lead Plaintiff proposed holding the August 13 deposition at a hotel close to a medical facility on June 21, 2019. (LP Exhibit 4). Non-party Lipp's counsel agreed to hold the deposition at a hotel, as long as Lead Plaintiff disclosed all the exhibits that would be used in the deposition by August 5 in order to minimize the stress and duration of the deposition. Non-party Lipp's counsel also asked to share any exhibits with Defendant CHS's counsel, who are more familiar with the case and the exhibits that would be produced. Lead Plaintiff objected to putting forth more than a good faith

effort to share exhibits by August 5 because some may not be ready in time and also objected to Defendant CHS seeing any documents shared with Ms. Lipp.

The Magistrate Judge agrees that a nearby hotel is an acceptable compromise for the location of the deposition. As for the sharing of exhibits, both Lead Plaintiff and Defendant will make a good faith effort to exchange exhibits they intend to use by close of business on August 9 with each other and counsel for Ms. Lipp. There are no limitations on Ms. Lipp or her attorneys discussing and sharing the documents with CHS's counsel ahead of the depositions.

### 2. EmCare Deposition

The Magistrate Judge will be conducting a telephone conference on Thursday, August 1, 2019 at 3:00 PM CDT to discuss the EmCare deposition with all relevant parties. Parties are advised that the deposition needs to be scheduled promptly. The call in number is 877-873-8017, and the code is 1958322#.

### 3. Class Notification Schedule

Within two weeks, Lead Plaintiff should submit a proposed draft order For Judge Richerdson concerning notice to the class and a deadline for prospective members to opt-out. Defendant will have seven days to respond to the draft if they are nor able to agree on the draft.

### 4. Settlement Discussions

The parties have previously had preliminary settlement discussions with a retired federal judge. Given that the class certification and class scope has been defined, the parties are directed to again discuss the possibility of settlement, if at all possible with the judge to see if he can conduct further settlement discussions with them. If he is unwilling or unavailable, the parties should provide the Magistrate Judge two suggestions each with brief resumes of their qualifications as possible mediators by August 23.

**5. Eighth Amended Case Management Order**

The final dispute between the parties on the call regarded Lead Plaintiff's request to extend initial expert disclosures by one month from August 30, 2019 to September 30, 2019 in light of the recent ruling certifying the class. After much discussion, the Magistrate Judge modifies the Seventh Amended Case Management Order (D.E. 383) as follows:[1]

**I. DISCLOSURE OF EXPERTS**

Lead Plaintiff will disclose and serve initial reports from its retained experts under Rule 26(a)(2) by **September 20, 2019**. Defendants will disclose and serve initial reports from its retained experts under Rule 26(a)(2) by **November 22, 2019**. Lead Plaintiff's rebuttal expert reports and disclosures, if any, will be served by **December 23, 2019**. Lead Plaintiff is not required to provide Defendants any discovery concerning any computation of damages performed to date for Lead Plaintiff by a retained expert, except as allowed by Fed. R. Civ. P. 26(a)(2) ("Disclosure of Expert Testimony") where, for example, a testifying expert performed or considered such computations.

**J. DEPOSITIONS OF EXPERT WITNESSES**

All experts shall be deposed no later than **February 14, 2020**.

**K. DISPOSITIVE AND DAUBERT MOTIONS**

Summary judgment and/or summary adjudication and Daubert motions shall be filed **on or before March 20, 2020**. There will be no motions for partial summary judgment without the Court's permission. Oppositions to summary judgment motions shall be filed **on or before April 24, 2020** and any reply briefs to summary judgment motions shall be filed **on or before May 8,**

---

[1] All other sections, including Section L ("Estimated Trial Date and Time"), remain unchanged in all respects from the Seventh Amended Case Management Order.

**2020.**. Any oppositions to Daubert motions shall be filed **on or before April 17, 2020** and replies will be filed by **May 1, 2020.** All other restrictions on the length of the motions are unchanged from the Seventh Amended Case Management Order (D.E. 383).

It is so **ORDERED.**

/s/     Joe B. Brown
JOE B. BROWN
United States Magistrate Judge