**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH and W. LARRY CASH,<br><br>*Defendants*. | CONSOLIDATED<br>CIVIL ACTION NO.: 11-cv-0433<br><br>Judge Eli Richardson<br>Magistrate Judge Joe B. Brown<br><br>JURY TRIAL DEMANDED |

**MOTION TO CLARIFY CLASS DEFINITION**

On July 26, 2019, this Court certified a class in this matter and appointed the NYC Funds as Class Representative and Lowey Dannenberg, P.C. as Class Counsel. Memorandum Opinion ("Op."), ECF No. 394. The NYC Funds, by this motion, respectfully request that the Court clarify the class definition to reflect that it includes persons and entities who, just like the NYC Funds, purchased publicly traded common stock of CHS before April 8, 2011, and after April 8, 2011 up until October 26, 2011. This will make the definition consistent with the Court's decision: only "first time" purchasers of the stock during this extended period.[1]

The Court certified the following class:

> All persons who and entities who purchased the publicly traded common stock of CHS from July 27, 2006 through April 8, 2011, inclusive, and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of the company, at all relevant times, members of their immediate families and their

[1] The NYC Funds purchased a total of 825,226 shares of CHS common stock both before and after Tenet's lawsuit. *See* Declaration of Inga Van Eysden In Support of Lead Plaintiff's Motion for Class Certification, ¶ 5, ECF No. 272, Ex. A; First Amended and Consolidated Class Action Complaint, ¶ 117 and annexed Amended Certification, ECF No. 170.

> legal representatives, heirs, successors or assigns and any [entities] in which Defendants have or had a controlling interest.

Amended Order, ECF. No. 396.

In their Opposition to Class Certification ("Defs. Opposition") (ECF No. 276), Defendants requested that any *first-time* buyers after April 8, 2011 be excluded from the class alleging those claims of new purchasers were time-barred. *Id.* at 18.[2] The Court adopted that exclusion: "in its discretion, the Court will carve out those who *first purchased* CHS stock after April 8, 2011." (italics added) Op. at 38. The Court gave no indication that its "carve out" of the proposed class extended beyond that urged by Defendants.

In its Decision the Court noted that the Proposed Class Period was "July 27, 2006 through October 26, 2011" (Op. at 1), and held that, subject to the exclusion of first time purchasers after April 8, 2011, "Lead Plaintiff satisfies the typicality requirement because all members of the class were victims of an alleged fraud in the market *throughout the Proposed Class Period* and sustained damages as a result." Op. at 20 (italics added).

The exclusion the Court did adopt focused on only those investors who first purchased stock after Tenet's lawsuit. Hence, the Court found "*investors* who did not purchase on or before April 8, 2011 will be excluded . . . based on Rule 23 considerations." Op. at 38 (italics added). Logically, and from that language, investors like the NYC Funds, who bought both prior to and after Tenet's lawsuit, have *all* their purchases, before and after April 8, 2011, included in the class. The class definition merely conformed the class to the NYC Funds' trading history to ensure the NYC Funds would be a typical and adequate class representative. The Court found

[2] Defendants virtually conceded this point: "The Sixth Circuit held that Lead Plaintiff's claims that Defendants continued to defraud investors after April 11, 2011 are not time-barred because they relate back to claims of a pre-April fraud alleged in earlier complaints. *See Norfolk Cty. Ret. Sys. v. Cmty. Health Sys.,* 877 F.3d 687, 694 (6th Cir. 2017). . . . [W]hile investors who purchased CHSI stock before April 8, 2011 may bring claims through October, provided they held their stock until October (*Norfolk Cty.,* 877 F.3d at 694), investors who had not purchased on or before April 8, 2011 are time-barred new plaintiffs who must be excluded from the class." Defs. Opposition, at 19, Dkt. No. 276.

the NYC Funds typical of purchasers throughout the Class Period who purchased on or before April 8, 2011, and who also sustained losses arising from their purchases after April 8, 2011. Based on a Rule 23 analysis, the Court determined that the NYC Funds should not represent persons or entities whose first purchase was after April 8, 2011, and carved out those purchasers from the Class.

The Court broadly captures its ruling in its class definition by including all pre- April 11, 2011 purchasers; focusing on the purchaser's qualification that it purchased on or before April 8. However, the definition could, respectfully, be clearer. As proposed in the amended class definition below, new, "first" time, post-April 8, 2011 purchasers are expressly excluded from the Class. Changes to the class definition are in italics as follows:

> All persons who and entities who purchased the publicly traded common stock of CHS from July 27, 2006 through *October 26, 2011 (the "Class Period")*, inclusive, and who were damaged thereby. Excluded from the Class are: *persons who and entities who first purchased CHS stock after April 8, 2011*; and Defendants, the officers and directors of the company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entities in which Defendants have or had a controlling interest.

Class Representative, the NYC Funds, respectfully requests the Court issue a new order clarifying the class definition accordingly. For the Court's convenience, a form of proposed order is attached hereto.

Dated: August 15, 2019

Respectfully,

**LOWEY DANNENBERG, P.C.**


By: /s/ Barbara J. Hart
Barbara J. Hart (admitted *pro hac vice*)
David C. Harrison (admitted *pro hac vice*)
Scott V. Papp (admitted *pro hac vice*)
44 South Broadway, Suite 1100
White Plains, NY 10601-2310
Telephone: 914-997-0500
Fax: 914-997-0035


*Attorneys for Lead Plaintiff*

**PROVOST UMPHREY, LLP**


W. Michael Hamilton
TN Bar No. 10720
2021 Richard Jones Rd., Suite 300
Nashville, Tennessee 37215
Telephone: 615-242-0199
Fax: 615-256-5922


*Local Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 15 2019, (1) Lead Plaintiff's Motion to Clarify Class Definition and (2) a Form of Proposed Order attached as Exhibit A were filed via CM/ECF electronic filing which sends electronic notification to all counsel of record, as identified in the following chart:

| | |
|---|---|
| Gary A. Orseck<br>Michael L. Waldman<br>Alison Barnes<br>Matthew Madden<br>**Robbins Russell Englert Orseck Untereiner & Sauber LLP**<br>2000 K Street NW, 4th Floor<br>Washington, DC 20006<br>Email: mwaldman@robbinsrussell.com<br>Email: gorseck@robbinsrussell.com<br>Email: abarnes@robbinsrussell.com<br>Email: mmadden@robbinsrussell.com<br><br>*Counsel for Defendants Community Health Systems, Inc., Wayne T. Smith, and W. Larry Cash* | Steven S. Riley<br>John R. Jacobson<br>James N. Bowen<br>Milton S. McGee, III<br>Elisabeth Gonser<br>**Riley, Warnock & Jacobson PLC**<br>1906 West End Avenue<br>Nashville, TN 37203<br>Email: sriley@rwjplc.com<br>Email: jjacobson@rwjplc.com<br>Email: jimbowen@rwjplc.com<br>Email: tmcgee@rwjplc.com<br>Email: egonser@rwjplc.com<br><br>*Counsel for Defendants Community Health Systems, Inc., Wayne T. Smith, and W. Larry Cash* |
| Donald W. Davis, Jr.<br>**Brennan, Manna & Diamond, LLC**<br>75 East Market Street<br>Akron, OH 44308<br>330.253.5060/ Fax 330.253.1977<br>dwdavis@bmdllc.com<br><br>*Attorneys for Non-Party, Carolyn Lipp* | SimsFunk, PLC<br>**Samuel P. Funk**<br>3322 West End Ave., #200<br>Nashville, TN 37203<br>615.292.9335/ Fax 615.649.8565<br>sfunk@simsfunk.com<br><br>*Attorneys for Non-Party, Carolyn Lipp* |

| | |
|---|---|
| Christopher J. Keller<br>Rachel A. Avan<br>**Labaton Sucharow LLP**<br>140 Broadway<br>New York, NY 10005<br>Email: ckeller@labaton.com<br>Email: ravan@labaton.com<br><br>*Counsel for Norfolk County Retirement System, Alberta Investment Management Corp. and State-Boston Retirement System* | Peter D. Doyle<br>Seth D. Fier<br>**Proskauer Rose LLP**<br>Eleven Times Square<br>New York, New York 10036-8299<br>Email: pdoyle@proskauer.com<br>Email: sfier@proskauer.com<br><br>*Counsel for Defendants Community Health Systems, Inc., Wayne T. Smith, and W. Larry Cash* |
| Jeffrey A. Berens<br>**Dyer & Berens LLP**<br>303 E. 17th Ave. – Suite 300<br>Denver, CO 80203<br>Email: Jeff@dyerberens.com<br><br>*Counsel for De Zheng* | James Gerard Stranch, IV<br>James Gerard Stranch, III<br>**Branstetter, Stranch & Jennings**<br>227 Second Avenue, N – 4th Floor<br>Nashville, TN 37201<br>Email: gstranch@branstetterlaw.com<br>*Counsel for Norfolk County Retirement System, Alberta Investment Management Corp. and State-Boston Retirement System* |
| Robert J. Robbins<br>David R. George<br>**Robbins Geller Rudman & Dowd LLP**<br>120 E. Palmetto Park Road – Suite 500<br>Boca Raton, FL 33432<br>Email: rrobbins@rgrdlaw.com<br>Email: dgeorge@rgrdlaw.com<br><br>*Counsel for De Zheng* | James L. Davidson<br>**Greenwald Davidson PLLC**<br>5550 Glades Road , Suite 500<br>Boca Raton, FL 33431<br>Email: jdavidson@mgjdlaw.com<br><br>*Counsel for De Zheng* |
| Frederic S. Fox<br>Joel B. Strauss<br>Pamela A. Mayer<br>**Kaplan Fox & Kilsheimer LLP**<br>850 Third Ave. – 14th Floor<br>New York, NY 10022<br>Email: ffox@kaplanfox.com<br>Email: strauss@kaplanfox.com<br>Email: pmayer@kaplanfox.com<br><br>*Counsel for Minneapolis Firefighters' Relief Association* | Michael K. Radford<br>**Flynn & Radford**<br>320 Seven Springs Way, Suite 150<br>Brentwood, TN 37027<br>Email: mradford@allen-kopet.com<br><br>*Counsel for Minneapolis Firefighters' Relief Association* |



Case 3:11-cv-00433 Document 400 Filed 08/15/19 Page 6 of 7 PageID #: 13229

| | |
|---|---|
| David S. Hagy<br>**David S. Hagy, Attorney at Law**<br>1507 16th Avenue South<br>Nashville, TN 37212<br>Email: dhagy@hagylaw.com<br><br>*Counsel for General Retirement System of the City of Detroit* | Richard A. Lockridge<br>Karen H. Riebel<br>**Lockridge Grindal & Nauen, PLLP**<br>100 Washington Ave. S. – Suite 2200<br>Minneapolis, MN 55401<br>Email: lockrra@locklaw.com<br>Email: khriebel@locklaw.com<br><br>*Counsel for Minneapolis Firefighters' Relief Association* |
| Abid. R. Qureshi (*pro hac vice*)<br>**Latham & Watkins LLP**<br>555 11th Street, NW, Suite 1000<br>Washington, D.C. 20004<br>Tel: 202-637-2240<br>Fax: 202-637-2201<br>Email: abid.qureshi@lw.com<br><br>*Counsel for Nonparty Gary D. Newsome* | C. J. Gideon, Jr.<br>J. Blake Carter<br>**Gideon, Cooper & Essary, PLC**<br>315 Deaderick Street, Suite 1100<br>Nashville, TN 37238<br>Tel: 615-254-0400<br>Fax: 615-254-0459<br>Email: cj@gideoncooper.com<br>Email: blake@gideoncooper.com<br><br>*Counsel for Nonparty Gary D. Newsome* |

Dated: August 15, 2019

/s/ Barbara J. Hart