**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH and W. LARRY CASH,<br><br>*Defendants*. | Consolidated<br>Civil Action No.: 11-cv-0433<br><br>Judge Eli Richardson<br>Magistrate Judge Joe Brown<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S**
**MOTION TO CLARIFY THE CLASS DEFINITION**

Lead Plaintiff asks the Court to "clarify" that its class certification order means something other than what it says. The July 29, 2019 Amended Order certifies a class that comprises "[a]ll persons who and entities who purchased the publicly traded common stock of CHS ***from July 27 2006 through April 8, 2011, inclusive***, and who were damaged thereby." DE 396 (emphasis added).[1] In the guise of a Motion to Clarify, Plaintiff urges the Court to reverse course, and hold instead that the class comprises all those who "purchased publicly traded common stock of CHS before April 8, 2011, ***and after April 8, 2011 up until October 26, 2011.***" DE 400 at 1 (emphasis added). The motion should be denied.

***First***, there is no need for clarification. The Amended Order could not be clearer. It expressly *includes* those who purchased the stock of Community Health Systems, Inc. ("CHSI") through and including April 8, 2011, and expressly *excludes* those who purchased the stock

[1] On August 9, 2019, Defendants filed a Rule 23(f) petition in the Sixth Circuit (No. 19-509) seeking permission to appeal the class certification order on grounds unrelated to Lead Plaintiff's Motion to Clarify.

thereafter. *See* DE 396. Indeed, Lead Plaintiff acknowledged in another submission "the decision by the Court to carve out purchases in CHS stock made after April 8, 2011." Lead Plaintiff's Second Supp. Response Regarding July 29, 2019 Teleconference at 1 (attached to this Response as Exhibit A). Lead Plaintiff knows exactly what the Amended Order says.

***Second***, the Amended Order is consistent with the reasoning set out by the Court in its July 26, 2019 Memorandum Opinion (DE 394). The Court explained that the class cannot include claims based upon purchases made both before *and* after April 8, 2011. That is because post-April 8, 2011 purchases were made "at a different price point based on very different information (including substantial information about the nature, extent and harm of alleged Medicare fraud) than did those who purchased only before April 11, 2011." *Id.* at 37 (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922 (9th Cir. 1996)). Indeed, the Court observed that post-April 8 purchases include purchases made "even after the original complaint was filed in this action on May 9, 2011, publicly laying out in extensive detail the alleged fraud." *Id.* at 38. Accordingly,

> the claims of the newly proposed class members are different because the newly proposed class members bought stock at different values and after different disclosures and statements were made by Defendants and analysts. Therefore, proposed class members from the original proposed class period would have different interests than those who bought stock after April 8, 2011. The Court believes that these differences render expansion of the proposed class incompatible with Rule 23.

*Id*. (quotation marks, citation, and alterations omitted). There is nothing unclear about that.

Plaintiff nevertheless wants the Court to "clarify" that only those who "*first* purchased CHS stock after April 8, 2011" are excluded from the class, whereas claims for post-April 8, 2011 purchases are allowed, so long as the purchaser *also* bought shares on or before April 8. DE 400 at 3 (emphasis modified). But that makes no sense. As the Court explained, the *reason* post-April 8, 2011 puchasers are excluded from the class is that their claims differ on the merits from those who purchased on or before April 8.

In particular, the Court noted, Lead Plaintiff has alleged that on April 11, 2011, Tenet made "vital disclosures of Medicare fraud" that had been fraudulently withheld from pre-April 8 purchasers. DE 394 at 37. By contrast, *post*-April 8 purchasers necessarily would argue that those very same disclosures did *not* reveal the "truth" to them before they purchased the stock. And whether those post-April 8 purchasers also happened to have purchased CHSI stock prior to the Tenet complaint is beside the point: It remains the case that their post-April 8 purchases were made "at a different price point based on very different information." *Id.*

Lead Plaintiff does not take issue with any of this. It does not move for reconsideration of the Order under Rule 60(b); it does not contend that there was any "mistake" of law or fact in the Court's holding, or that there is "newly discovered evidence" or "fraud" that led the Court into error. In fact, Lead Plaintiff *does not even mention* the Court's rationale for defining the class as it did—which, as noted above, is squarely consistent with its Order.

Rather, Lead Plaintiff observes that *Defendants* had advanced a different argument which sought to exclude from the class only those who "first purchased" CHSI stock after the original class period, on the ground that those investors' claims were time-barred. DE 400 at 2. Lead Plaintiff boldly asserts that "The Court adopted that exclusion," *id.*, but that is wrong. In fact, the Court held that it "need not decide . . . any aspect of the timeliness of the expanded class definition," DE 394 at 36, because its stated rationale excludes from the class *all* claims based upon post-April 8 purchases. It is true that the Court noted in its Memorandum Opinion that "*Defendants argue* that persons and entities who *first purchased* CHS stock after April 8, 2011 are time-barred new plaintiffs" (DE 394 at 36, emphasis added), but that doesn't mean the Court's holding, which rested on a separate ground, was so limited. To the contrary, the rule Lead Plaintiff asks the Court to adopt is incompatible with the (unchallenged) reasoning adopted by the Court.

## CONCLUSION

Lead Plaintiff's Motion to Clarify the Class Definition should be denied.

DATED: August 21, 2019

/s/ Gary A. Orseck .
Gary A. Orseck (pro hac vice)
Michael L. Waldman (pro hac vice)
Alison Barnes (pro hac vice)
Matthew M. Madden (pro hac vice)
Robbins, Russell, Englert, Orseck,
Untereiner & Sauber LLP
2000 K Street, N.W., 4th Floor
Washington, DC 20006
Tel: (202) 775-4500
gorseck@robbinsrussell.com
mwaldman@robbinsrussell.com
abarnes@robbinsrussell.com
mmadden@robbinsrussell.com

Steven A. Riley
Milton S. McGee, III
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
Fax: (615) 320-3737
sriley@rwjplc.com
jjacobson@rwjplc.com
tmcgee@rwjplc.com

*Counsel for Defendants*
*Community Health Systems, Inc.*
*Wayne T. Smith and W. Larry Cash*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on August 21, 2019, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy of same upon all counsel of record, as identified in the following chart:

| | |
|---|---|
| Barbara J. Hart<br>David Harrison<br>Scott V. Papp<br>**Lowey Dannenberg, P.C**.<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>bhart@lowey.com<br>dharrison@lowey.com<br>spapp@lowey.com<br>*Counsel for Lead Plaintiff*<br>*NYC Pension Funds* | William M. Hamilton<br>**Provost, Umphrey Law Firm, LLP**<br>4205 Hillsboro Pike, Suite 303<br>Nashville, TN 37215<br>mhamilton@pulf.com<br>*Local Counsel for Lead Plaintiff*<br>*NYC Pension Funds* |
| Christopher J. Keller<br>Rachel A. Avan<br>**Labaton Sucharow LLP**<br>140 Broadway<br>New York, NY 10005<br>Email: ckeller@labaton.com<br>Email: ravan@labaton.com<br><br>*Counsel for Norfolk County Retirement System, Alberta Investment Management Corp. and State-Boston Retirement System* | James Gerard Stranch, IV<br>James Gerard Stranch, III<br>**Branstetter, Stranch & Jennings**<br>227 Second Avenue, N – 4th Floor<br>Nashville, TN 37201<br>Email: gstranch@branstetterlaw.com<br><br>*Counsel for Norfolk County Retirement System, Alberta Investment Management Corp. and State-Boston Retirement System* |
| Jeffrey A. Berens<br>**Dyer & Berens LLP**<br>303 E. 17th Ave. – Suite 300<br>Denver, CO 80203<br>Email: Jeff@dyerberens.com<br><br>*Counsel for De Zheng* | James L. Davidson<br>**Greenwald Davidson PLLC**<br>5550 Glades Road, Suite 500<br>Boca Raton, FL 33431<br>Email: jdavidson@mgjdlaw.com<br><br>*Counsel for De Zheng* |
| Robert J. Robbins<br>David R. George<br>**Robbins Geller Rudman & Dowd LLP**<br>120 E. Palmetto Park Road – Suite 500<br>Boca Raton, FL 33432<br>Email: rrobbins@rgrdlaw.com<br>Email: dgeorge@rgrdlaw.com<br><br>*Counsel for De Zheng* | Michael K. Radford<br>**Flynn & Radford**<br>320 Seven Springs Way, Suite 150<br>Brentwood, TN 37027<br>Email: mradford@allen-kopet.com<br><br>*Counsel for Minneapolis Firefighters' Relief Association* |

| | |
|---|---|
| Frederic S. Fox<br>Joel B. Strauss<br>Pamela A. Mayer<br>**Kaplan Fox & Kilsheimer LLP**<br>850 Third Ave. – 14th Floor<br>New York, NY 10022<br>Email: ffox@kaplanfox.com<br>Email: strauss@kaplanfox.com<br>Email: pmayer@kaplanfox.com<br><br>*Counsel for Minneapolis Firefighter Relief Association* | Richard A. Lockridge<br>Karen H. Riebel<br>**Lockridge Grindal & Nauen, PLLP**<br>100 Washington Ave. S. – Suite 2200<br>Minneapolis, MN 55401<br>Email: lockrra@locklaw.com<br>Email: khriebel@locklaw.com<br><br>*Counsel for Minneapolis Firefighters' Relief Association* |
| David S. Hagy<br>**David S. Hagy, Attorney at Law**<br>1507 16th Avenue South<br>Nashville, TN 37212<br>Email: dhagy@hagylaw.com<br><br>*Counsel for General Retirement System of the City of Detroit* | Abid. R. Qureshi (*pro hac vice*)<br>**Latham & Watkins LLP**<br>555 11th Street, NW, Suite 1000<br>Washington, D.C. 20004<br>Tel: 202-637-2240<br>Fax: 202-637-2201<br>Email: abid.qureshi@lw.com<br><br>*Counsel for Nonparty Gary D. Newsome* |
| C. J. Gideon, Jr.<br>J. Blake Carter<br>**Gideon, Cooper & Essary, PLC**<br>315 Deaderick Street, Suite 1100<br>Nashville, TN 37238<br>Tel: 615-254-0400<br>Fax: 615-254-0459<br>Email: cj@gideoncooper.com<br>Email: blake@gideoncooper.com<br><br>*Counsel for Nonparty Gary D. Newsome* | Donald W. Davis, Jr. (*pro hac vice*)<br>**Brennan, Manna & Diamond, LLC**<br>75 East Market Street<br>Akron, OH 44308<br>Tel: (330) 253-5060<br>Fax: (330) 253-1977<br>Email: dwdavis@bmdllc.com<br><br>*Counsel for Nonparty Carolyn S. Lipp* |
| Samuel P. Funk<br>**Sims\|Funk, PLC**<br>3322 West End Ave., #200<br>Nashville, TN 37203<br>Tel: (615) 292-9335<br>Fax: (615) 649-8565<br>Email: sfunk@simsfunk.com<br><br>*Counsel for Nonparty Carolyn S. Lipp* | |

Dated: August 21, 2019

/s/ Gary A. Orseck
Gary A. Orseck