IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | NO. 3:11-cv-00433 JUDGE RICHARDSON |
| v. | ) ) ) | |
| COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH, and W. LARRY CASH, | ) ) ) ) | |
| Defendants. | ) ) | |

# **ORDER**

Pending before the Court is Lead Plaintiff's Unopposed Motion to Conduct Settlement Final Approval Hearing by Telephone. (Doc. No. 435, "Motion"). In the Motion, Lead Plaintiff the New York City Pension Funds requests that, due to the exigent circumstances resulting from the spread of COVID-19, the June 19, 2020 hearing on final approval of the settlement and Lead Counsel's application for fees and expenses be held via teleconference. (Doc. No. 435 at 1). Lead Plaintiff's concerns regarding the COVID-19 pandemic are well taken, and Lead Plaintiff's Motion (Doc. No. 435) is therefore **GRANTED**.

However, as the Court stated in its March 24, 2020 Order, it is concerned that holding the hearing via teleconference would not ensure that objectors have access to an appropriate venue to voice their objections.[1] Objectors are entitled to present evidence and have their objections heard on the record at the fairness hearing. *See Local No. 93, Int'l Ass'n of Firefighters*, *AFL–CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986); *see also Williams v. Vukovich,* 720 F.2d 909, 921

---

[1] The Court is aware that Lead Plaintiff has reported that as of May 1, 2020, no objections have been filed. (Doc. No. 435 at 1).

(6th Cir. 1983) ("The reasonableness hearing is a forum for all interested parties to comment on the proposed decree."). Therefore, the Court will also permit any objectors to appear in person on June 19, 2020, provided that they do so consistent with the Court's required safety practices related to COVID-19, including social distancing and use of hand sanitizer outside of the courtroom, which will be conveyed to attendees via applicable signage and verbal instructions from the undersigned or court officials inside the courthouse.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The hearing on final approval of the Settlement in this Litigation, the Plan of Allocation, Lead Counsel's application for attorneys' fees and litigation expenses, an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), and related matters (the "Hearing") scheduled for June 19, 2020 at 8:30 a.m. shall be conducted in person and by telephone at the date and time previously scheduled.

2. Lead Counsel shall arrange for a conference call facility for the Hearing.

3. By publishing a prominent notice on the home page of the settlement website, www.CHSSecuritiesSettlement.com, and on the website of Lead Counsel, Lead Counsel shall (1) inform Class Members that they may appear in person on June 19, 2020; and (2) notify Class Members of the link and/or dial-in number to participate in the Hearing telephonically if they so choose. If any objections to the Settlement are received, Lead Counsel shall personally notify the objectors that they may appear in person or telephonically and shall provide any objector with the access information for the Hearing.

4. Lead Counsel shall initiate a call to the Court at the time of the Hearing and provide the Court with a "roll-call" of all attorneys (and any Class Members) who will appear on the record.

5. Counsel may jointly contact chambers via email or telephone with any purely administrative or logistical questions related to this Order.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE