# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., WAYNE T. SMITH and W. LARRY CASH,<br><br>*Defendants*. | Consolidated<br>Civil Action No.: 11-cv-0433<br><br>Judge Eli Richardson<br>Magistrate Judge Alistair E. Newbern |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated January 30, 2020, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of January 21, 2020 (the "Stipulation"). Due and adequate notice having been given to the Class as required by the Notice Order, and this Court's order dated May 13, 2020, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed of the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Judgment and Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of these consolidated actions (the "Litigation") and over all parties to the Litigation, including all Class Members.

3. The Notice of Class Action Certification and Proposed Settlement given to the

Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process and the Private Securities Litigation Reform Act.

4. The May 18, 2020 deadline to request exclusion from the Class Action or to object to any terms of the Settlement or fee applications, as provided in the Notice, has passed without any Class member filing a timely and valid objection or exclusion from the Class Action.

5. A request to be excluded from the Class Action was received from Dale Marcus on May 28, 2020, after the deadline to request exclusion. The request for exclusion is rejected as untimely and for lack of standing because Marcus has failed to provide any evidence that he is a Class Member.

6. Correspondence was received on May 29, 2020 purporting to be an objection, after the deadline to object, from James L. Elsman individually and on behalf of Jesus Christ's Army Church for Warfare, Inc. ("JCACW"), purporting to be Class Members. Elsman and JCACW failed to establish any basis for their standing. They produced no records of any purchases or sales of CHSI stock during the Class Period, and otherwise failed to establish any such holdings as necessary to obtain standing to object. Further, that correspondence is not a valid objection, and is stricken as procedurally and substantively barred based on Elsman's and JCACW's failure to follow the Court's instructions regarding the timing and manner of making an objection and establishing standing as a Class Member. Moreover, and in any event, the Court has reviewed that correspondence and rejects its objections on their merits as being uninformed or immaterial in every respect.

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that: in light of the benefits to the Class, the complexity and expense of further litigation, and the costs of continued litigation, the

Settlement is, in all respects, fair, reasonable and adequate having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the proposal was negotiated at arms' length; (c) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members claims; (iii) the terms the proposed award of attorney's fees and expenses, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(2); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other.

8. Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses with prejudice the FAC, the Litigation, and all Released Claims as to the Released Parties, without costs as to any Settling Party, except as and to the extent provided in the Stipulation, any separate order on attorney's fees or reimbursement of expenses.

9. The Court finds that the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

10. The releases as set forth in ¶¶4.1-4.5 of the Stipulation (the "Release"), together with the definitions contained in ¶¶1.1-1.35 relating thereto, are expressly incorporated herein in all respects. Upon the Effective Date, each and every Lead Plaintiff and each and every Class Member shall be deemed to have, and by operation of law shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not such Lead Plaintiff or Class Member executes and delivers a Proof of Claim and Release.

11. Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, are hereby forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Parties. Claims to enforce the Stipulation are not released.

12. Upon the Effective Date, the Released Parties shall be deemed to have released and by operation of this Final Judgment shall have, fully, finally and forever released Lead Plaintiff, all members of the Class, Lead Counsel and Local Counsel from all claims arising out of the instituting, prosecution, settlement or resolution of the Litigation, provided, however, that the Released Parties shall retain the right to enforce in the Court the terms of the Stipulation of Settlement or the Final Judgment.

13. Notwithstanding ¶¶8-10, nothing in this Judgment shall bar any action or claim by any of the Parties or Releasing Persons to enforce or effectuate the terms of the Stipulation of Settlement or the Final Judgment.

14. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for calculation of the claims of Authorized Claimants, which is set forth in the Class Notice sent to Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Settlement Fund among Class Members, with due consideration have been given to administrative convenience and necessity. The Court hereby finds that the Plan of Allocation submitted by Lead Plaintiff's Lead Counsel is in all respects fair and reasonable and the Plan of Allocation is hereby approved. Upon the Effective Date hereof, Lead Plaintiff's Lead Counsel shall implement the Plan of Allocation as approved in this Final Judgment and Order.

15. A separate order shall be entered regarding Lead Counsel's request for attorney's fees and reimbursement of expenses and the fee award to Lead Plaintiff pursuant to 15. U.S.C. §78u-4(a)(4). Any order modifying the fees and expenses awarded to Lead Counsel and/or Lead Plaintiff, or the Plan of Allocation, shall in no way disturb or affect the Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

16. Defendants shall have no responsibility for, interest in, or liability whatsoever

with respect to: (a) any act, omission or determination of Lead Plaintiff's Counsel, the Class Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Settlement Fund; and (f) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

17. The Stipulation and the Settlement are not a concession or admission of wrongdoing or liability by any Released Person, Lead Plaintiff or any Class Member and shall not be used or construed as an admission of any fault, omission, liability or wrongdoing on the part of any party hereto. Neither the Stipulation, nor the exhibits hereto, nor the fact of the settlement, nor any settlement negotiations or discussions, nor this Final Judgment, nor any related document (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or the Released Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, or concession of, or to create any presumption or inference of, any fault or omission of any of the Defendants or the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

18. Defendants and/or the Released Parties may file the Stipulation and/or this Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of

the Settlement Fund; (c) the applications for attorney's fees, interest and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

20. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Members of the Class under the Stipulation.

21. Without affecting the finality of this Judgment in any way, jurisdiction is hereby retained over Defendants, Lead Plaintiff, and Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, including administering and distributing the settlement proceeds to the Members of the Class.

22. The Court finds that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

23. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and each party shall be restored to his, her or its respective position as it existed prior to January 21, 2020.

24. In accordance with 15 U.S.C. § 78u-4(f)(7)(A) and pursuant to federal common law, any and all claims which are brought by any Person against Defendants (a) for contribution or indemnification arising out of any Settled Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to the Lead Plaintiff or the Class, are hereby

permanently barred and discharged.  Any such claims brought by Defendants against any Person (other than Persons whose liability to Lead Plaintiff or the Class is extinguished by this Judgment) are likewise permanently barred and discharged.  Further, nothing in this Stipulation shall apply to bar or otherwise affect any claim of right to indemnification between CHS and any present or former officer or director of CHS, or any claim for insurance coverage by any Defendant.

25. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

26. The Clerk of the Court is expressly directed to enter this Final Judgment and Order of Dismissal with Prejudice.

IT IS SO ORDERED.

Dated: _____June 22_____, 2020

*Eli Richardson*
THE HONORABLE ELI RICHARDSON
UNITED STATES DISTRICT JUDGE